IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHNSON,<br><br>   Plaintiff,<br><br>v.<br><br>PROGRESSIVE LEASING et al,<br><br>   Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00052-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 7). On January 26, 2022, *pro se* Plaintiff Robert W. Johnson (Plaintiff) filed his Complaint against Defendants (ECF 2). In an Order dated February 25, 2022 (Order) (ECF 8), the court granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to amend his Complaint to comport with Rule 8 requirements by March 25, 2022. The Order warned Plaintiff that failure to comply may result in dismissal of this action (*Id.*). As of this Report and Recommendation, Plaintiff has failed to file an amended complaint and has taken no further action on the case. Before the court now is the matter of Plaintiff's failure to prosecute this case.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the

Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Despite the warning of dismissal, Plaintiff failed to comply with the Order to file an amended complaint. It has also been over six months since Plaintiff made any filings. Mr. Johnson's failure to move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and Defendant would not be prejudiced because they have not yet been served. Considering these factors and because Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order, the court finds that this case warrants dismissal.

## **RECOMMENDATION**

Based on Plaintiff's failure to prosecute this case and abide by the orders of this court, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

## **NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who

are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

    DATED this 21 September 2022.

                                            Magistrate Judge Cecilia M. Romero
                                            United States District Court for the District of Utah