IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE LEASING, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00052-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Now before the court is an Objection[1] to Magistrate Judge Cecilia M. Romero's Report and Recommendation,[2] in which Judge Romero recommends pro se Plaintiff Robert W. Johnson's Complaint[3] be dismissed. For the reasons stated below, the Report and Recommendation is ADOPTED in its entirety, and Johnson's Complaint is DISMISSED.

## BACKGROUND AND PROCEDURAL HISTORY

On January 26, 2022, Johnson requested leave to proceed *in forma pauperis*[4] and initiated this action against Progressive Leasing, NPRTO New York, and the American Arbitration Association (the Defendants).[5] Johnson's Complaint consists of a one-page document alleging the Defendants "discriminated against" him "for Lease ID 25296624," "breached the insurance contract agreements," and denied him "Due Process."[6] Johnson did not

---

[1] *Objection* (ECF 12).

[2] *Report and Recommendation* (ECF 11).

[3] *Complaint* (ECF 9); *see also id.* (docket entry noting the Complaint was originally received on Jan. 26, 2022); ECF 2 (documents lodged on Jan. 26, 2022).

[4] *In Forma Pauperis Affidavit Application* (ECF 1); *see also Motion to Proceed In Forma Pauperis* (ECF 5).

[5] ECF 9.

[6] *Id.*

1

allege any facts in the Complaint, but he attached a "New York State Division of Human Rights Complaint Form," indicating he believed the Defendants discriminated against him based on several characteristics, including age and marital status.[7] Additionally, Johnson submitted a Civil Cover Sheet describing the nature of the suit as "Other Civil Rights" and "Due Process Rights," and stating he was demanding $100,000,000.[8]

On March 1, 2022, Judge Romero reviewed Johnson's Complaint and issued an Order Granting IFP and Order to Amend (the Order).[9] Judge Romero granted Johnson leave to proceed *in forma pauperis* but concluded his Complaint failed to state a claim upon which relief could be granted.[10] She accordingly ordered him to submit an amended complaint that adhered to the pleading requirements of the Federal Rules of Civil Procedure.[11] Judge Romero also warned Johnson that failure to comply by March 25, 2022, would lead to a recommendation that the case be dismissed.[12]

Despite the court's explicit order, Johnson failed to submit an amended complaint by the designated deadline. On September 21, 2022, Judge Romero issued a Report and Recommendation (the Report), recommending the court dismiss the case without prejudice for failure to prosecute and failure to comply with a court order.[13] In the Report, Judge Romero highlighted multiple factors supporting dismissal. First, she emphasized Johnson's lack of

---

[7] *Human Rights Form* (ECF 9-1).

[8] *Civil Cover Sheet* (ECF 9-2).

[9] *Order Granting IFP and Order to Amend* (ECF 8).

[10] *Id.* at 1–4.

[11] *Id.* at 4.

[12] *Id.*

[13] ECF 11 at 2; *see also* Fed. R. Civ. P. 41(b) (allowing dismissal of an action for plaintiff's failure to prosecute or failure to comply with a court order); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the court's authority to dismiss an action sua sponte for failure to prosecute is "considered an 'inherent power'" that enables the court to effectively manage its own affairs and achieve the orderly and timely disposition of cases).

2

filings for "over six months," underscoring the significant lack of progress in the proceedings.[14] Furthermore, Judge Romero pointed out that Johnson failed to comply with the court's Order because he did not file an amended complaint by the March 25, 2022 deadline, despite being explicitly warned that non-compliance would lead to a dismissal recommendation.[15] Judge Romero further noted there appeared to be no suitable alternative sanction under the circumstances.[16] Judge Romero then notified the parties of their right to object to the Report within fourteen days of service [17] and cautioned that "[f]ailure to object may constitute a waiver of objections upon subsequent review."[18]

On October 11, 2022, Johnson filed an Objection to the Report and Recommendation.[19] The Objection, a one-page document, was labeled "Notice of Appeal, Add Defendants, Default Judgement [sic], Whistleblower Probes, DOJ Intervention & Pro Se Corporation."[20] Johnson's Objection stated a general opposition to "all alleged facts for DISMISSAL as all Defendants are Pro Se Corporation and have not been served Summonses in a timely manner to retain Counsel."[21] Additionally, Johnson requested "DOJ intervention" and "to add Robert J. Shelby

---

[14] ECF 11 at 2.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 3; *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[18] ECF 11 at 3.

[19] ECF 12.

[20] *Id.* at 1 (emphasis omitted).

[21] *Id.*

and Cecilia M. Romero and Court Clerk as Defendants."[22] He further stated, "These matters require whistleblower probes and sanctions to parties."[23]

The court now considers Johnson's Objection and additional requested relief.

## LEGAL STANDARDS

Johnson is proceeding pro se, so the court will construe his pleadings liberally.[24] However, Johnson's pro se status does not exempt him from adhering to the fundamental requirements of the Federal Rules of Civil Procedure.[25]

The standard of review for considering objections to a magistrate judge's report and recommendation depends on whether the objection is timely and specific.[26] De novo review is applicable only when a party files an objection within fourteen days of service that sufficiently directs the district court's attention to the factual and legal issues in dispute.[27] In such instances, the court must conduct a de novo review of the portion of the magistrate judge's report that has been properly objected to.[28]

According to the Tenth Circuit's "firm waiver rule," the failure to raise a timely and specific objection "waives appellate review of both factual and legal questions."[29] However, a

---

[22] *Id.* Johnson filed one document, but the document is docketed separately as an Objection and a Motion to indicate its various purposes. *Compare id.*, *with* ECF 13 (the Objection docketed as a Motion).

[23] ECF 12 at 1 (emphasis omitted).

[24] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[25] *Id.*

[26] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").

[27] Fed. R. Civ. P. 72(b)(2); *see also 2121 E. 30th St.*, 73 F.3d at 1060.

[28] Fed. R. Civ. P. 72(b)(3); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.").

[29] *2121 E. 30th St.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

court has the discretion to deviate from the firm waiver rule if the interests of justice so require.[30] This court generally reviews unobjected-to portions of a report and recommendation for clear error.[31]

## ANALYSIS

The court first considers whether the Objection was timely and specific. The court concludes the Objection is not specific and Judge Romero did not clearly err. The court then addresses Johnson's requests for additional relief.

### I. The Objection Does Not Qualify for De Novo Review

To qualify for de novo review under Rule 72, an objection must be specific and filed within fourteen days of service.[32] As an initial matter, it is unclear whether the objection is timely. Johnson filed his Objection on October 11, 2022, twenty days after Judge Romero issued her Report.[33] However, the Report was mailed to Johnson's physical address, and there is no indication of when he received it.[34] But even assuming the Objection is timely, it does not qualify for de novo review because it is not sufficiently specific.

The Objection is overly broad and lacks clarity. It simply states Johnson "objects to all alleged facts for DISMISSAL as all Defendants are Pro Se Corporation and have not been served

---

[30] *Moore*, 950 F.2d at 659 (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were not advised of the consequences of any failure to object).

[31] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error."); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974))).

[32] Fed. R. Civ. P. 72(b)(2); *2121 E. 30th St.*, 73 F.3d at 1060.

[33] *Compare* ECF 11, *with* ECF 12.

[34] *See* ECF 11 (Receipt).

Summonses in a timely manner to retain Counsel."[35] These statements fail to provide specific objections to the Report or explain the absence of any filings for over six months. And while the court construes Johnson's filings liberally, his objection to "all alleged facts" fails to specifically challenge any aspect of the Report and thus does not justify de novo review.[36]

## II. The Report and Recommendation is Adopted

After reviewing the filings and relevant legal authorities, the court concludes Judge Romero did not clearly err. The court therefore ADOPTS the Report in its entirety. All Johnson's claims are DISMISSED.

## III. Johnson's Other Requests

The court has considered Johnson's additional requests, which include "add[ing] defendants, default judgement, whistleblower probes, DOJ intervention, & pro se corporation."[37] Because the court is adopting the Report and dismissing the Complaint, Johnson's request to add defendants[38] is denied as moot. Furthermore, Johnson's other requests are too vague for the court to assess, so they are denied for failing to state with particularity the grounds for seeking relief.[39]

## CONCLUSION

For the reasons stated, the Report and Recommendation[40] is ADOPTED in its entirety, and Johnson's Complaint[41] is DISMISSED. The clerk of court is directed to close the case.

---

[35] ECF 12 at 1.

[36] See *2121 E. 30th St.*, 73 F.3d at 1060 (quoting parenthetically *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("[A]n objection stating only 'I object' preserves no issue for review.")).

[37] ECF 12 at 1 (emphasis omitted).

[38] *Id.*

[39] *See* Fed. R. Civ. P. 7(b)(1)(B) (stating a motion must "state with particularity the grounds for seeking the order").

[40] ECF 11.

[41] ECF 9.

SO ORDERED this 16th day of June 2023.

                                                    BY THE COURT:

                                                    _____
                                                    ROBERT J. SHELBY
                                                    United States Chief District Judge